UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 15 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| ANTHONY ASKEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-0221 |
| ) | |
| ERIC HIMPTON HOLDER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

In February 2012, the Court dismissed this action, and on May 3, 2012, the plaintiff filed a Notice of Appeal. The United States Court of Appeals for the District of Columbia holds the appeal in abeyance pending resolution of the Request to Enter Default of the Defendant Pursuant to Federal Rules of Civil Procedure 55(b)(1) ("Pl.'s Mot. for Default") [Dkt. #17] filed by the plaintiff on June 14, 2012. The motion will be denied.

"The court shall review, before docketing, if feasible . . . , a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court reviewed the plaintiff's complaint application to proceed *in forma pauperis*, approved the application, and dismissed the complaint without prejudice in screening pursuant to § 1915A(a). Summonses were not issued and the United States Marshal was not directed to effect service on the plaintiff's behalf. The defendant was under no obligation to respond to the plaintiff's complaint, and a default judgment in these circumstances is not warranted. *See Gunnell v. Taft*, 52 Fed. App'x 248, 249 (6th Cir. Dec. 5, 2002) (denying as frivolous prisoner plaintiff's motion for default judgment where "this matter

1

was disposed of sua sponte by the district court upon initial screening under § 1915A"); *Jones v. Deveraux*, No. 10CV70, 2011 WL 4356724, at *1 (E.D. Tex. Aug. 4, 2011) (noting that "[p]laintiff is not entitled to a default judgment unless the defendants are properly served," and recommending denial of motion for default judgment while the "case is still under judicial screening and the court has withheld service of process"), *adopted*, 2011 WL 4356727 (E.D. Tex. Sept. 15, 2011); *Pusey v. Green*, No. 02-351, 2003 WL 105480, at *4 (D. Del. Jan. 7, 2003) (denying prisoner plaintiff's motion for default judgment where the "case is subject to screening under 28 U.S.C. § 1915A(b)(1) [and] the court has not yet directed the United States Marshal to serve the complaint on the defendants").

Furthermore, delivery of a copy of the complaint by certified mail to the United States Department of Justice, *see* Pl.'s Mot. for Default ¶¶ 1-2, does not demonstrate that the defendant, who is sued in his individual capacity under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), has been personally served in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Cornish v. United States*, __ F. Supp. 2d __, __, 2012 WL 3340952, at *3 (D.D.C. Aug. 12, 2012) (noting that an individual may be not served at his place of business); *Maye v. Reno*, 231 F.Supp.2d 332, 335 (D.D.C. 2002) ("In a *Bivens* action against a federal official in his . . . individual capacity, the defendant must be served pursuant to rules that apply to individual defendants.").

Accordingly, it is hereby

ORDERED that plaintiff's Request to Enter Default of the Defendant Pursuant to Federal Rules of Civil Procedure 55(b)(1) [Dkt. #17] is DENIED.

SO ORDERED.

DATE: 2/15/2013

/s/ Beryl A. Howell
United States District Judge